EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Gilberto Oscar Martínez Martínez | Queja<br><br>2003 TSPR 57<br><br>158 DPR _____ |

Número del Caso: AB-2002-26


Fecha: 31/marzo/2003


Oficina del Hon. Procurador General:
                        Lcda. Cynthia Iglesias Quiñones
                        Procuradora General Auxiliar

Abogado de la Parte Querellada:
                        Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 8 de abril de 2003,
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correcciones del proceso
    de compilación y publicación oficial de las decisiones del
    Tribunal. Su distribución electrónica se hace como un servicio
    público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto Oscar Martínez Martínez

AB-2002-26

PER CURIAM

San Juan, Puerto Rico, a 31 de marzo de 2003

Los señores Efraín Rosa Casillas, Luis Cruz Figueroa y Julio Medina Ayala radicaron una queja ante este Tribunal contra el Lcdo. Gilberto Oscar Martínez Martínez. En la misma, en síntesis, le imputaron al referido abogado haber sido negligente en el trámite de un asunto que le habían confiado --referente a unas sanciones disciplinarias que, como guardias municipales de Fajardo, le habían sido impuestas por el Alcalde de dicho pueblo-- lo cual desembocó en una decisión de la Comisión de Investigación, Procesamiento y Apelación (CIPA) desestimando su caso.

Referimos la queja a la Oficina del Procurador General de Puerto Rico, la cual rindió un informe ante este Tribunal de fecha 25 de octubre de 2002. En dicho informe, el Procurador General concluye que el Lcdo. Martínez Martínez violentó las disposiciones de los Cánones 18 y 19 de Ética Profesional. El 26 de noviembre de 2002, mediante Resolución a esos efectos, le concedimos al referido abogado el término de veinte (20) días, a partir de la fecha de notificación, para que se expresara sobre el informe del Procurador General.

La referida Resolución le fue enviada al Lcdo. Martínez Martínez a su última dirección obrante en el Tribunal.[1] No compareció. En vista a ello, éste fue notificado, por conducto de su secretaria, con copia de dicha Resolución por un alguacil de este Tribunal, el día 15 de enero de 2003. No ha comparecido.

Tomamos conocimiento judicial de otros (2) expedientes obrantes en la Secretaría de este Tribunal,[2] en los cuales nos enfrentamos a una situación similar, a saber:

---

[1] Reiteradamente hemos resuelto que todo abogado, admitido al ejercicio de la profesión en nuestra jurisdicción, tiene el deber y obligación de mantener informado al Tribunal de cualquier cambio en su dirección y que el abogado que incurre en esa omisión puede y debe ser suspendido, de manera temporera del ejercicio de la profesión en Puerto Rico.

El Lcdo. Martínez Martínez ha violado esa norma; lo cual constituye razón, suficiente y por sí sola, para suspenderlo del ejercicio de la profesión de abogado.

[2] Regla 11 de las de Evidencia, T. 32 Ap. IV R. 11; Asoc. de Periodistas v. González, 127 D.P.R. 704, 714 (1991).

1) <u>AB-2002-25</u>. Este caso trata de una queja, radicada por el Sr. Luis A. Cruz Figueroa, contra el Lcdo. Martínez Martínez, la cual fue remitida por este Tribunal a la Oficina del Procurador General. Éste, mediante escrito de fecha 24 de julio de 2002, nos informó que el referido abogado no le había prestado atención alguna a dos (2) de sus comunicaciones. En vista a ello, mediante Resolución del 2 de agosto de 2002, le ordenamos al Lcdo. Martínez Martínez que contestara los requerimientos del Procurador General, apercibiéndole de que de no hacerlo sería objeto de sanciones disciplinarias. <u>No</u> lo ha hecho. Así nos lo ha informado el Procurador General mediante moción de fecha 9 de enero de 2003.

2) <u>AB-2003-28</u>. La Sra. Elizabeth Polo se querelló ante la Comisión de Ética del Colegio de Abogados de Puerto Rico de una supuesta conducta del Lcdo. Martínez Martínez, violatoria la misma de los Cánones de Ética, mediante comunicación a esos efectos de fecha 13 de agosto de 2002. Mediante escrito de fecha 12 de febrero de 2003, el Colegio de Abogados nos informó que, a pesar de los esfuerzos realizados, <u>no</u> ha podido lograr que el Lcdo. Martínez Martínez comparezca ante su Comisión de Ética. En vista a ello, mediante Resolución del 28 de febrero de 2003, le ordenamos al Lcdo. Martínez Martínez comparecer ante la referida Comisión de Ética y ante este Tribunal a expresar las razones por las cuales no debía ser disciplinado. <u>No</u> ha comparecido.

I

Resulta obvio que el Lcdo. Gilberto Oscar Martínez Martínez <u>no</u> interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

Reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re* <u>Guemarez Santiago</u>, res. el 30 de junio de 1998, 98 TSPR 102.

Por las razones antes expresadas, procede separar, de forma inmediata e indefinida, del ejercicio de la profesión de abogado y de la notaría a Gilberto Oscar Martínez Martínez, hasta que otra cosa disponga este Tribunal; le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Gilberto Oscar Martínez Martínez,

incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto Oscar Martínez Martínez

AB-2002-26

SENTENCIA

San Juan, Puerto Rico, a 31 de marzo de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía y de la notaría en Puerto Rico de Gilberto Oscar Martínez Martínez, a partir de la notificación de la presente Opinión Per Curiam y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Gilberto Oscar Martínez Martínez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo